**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J.L.E., a minor, by and through his Next Friend Father, M.L.G., | : | Civil No. 1:26-CV-02461 |
| Petitioner, | : | |
| v. | : | |
| ROBERT F. KENNEDY, JR., *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by J.L.E., a minor, by and through his next friend father M.L.G. (Doc. 1.) Because Petitioner has been released from custody, the court finds that his petition is moot and will be dismissed.

On August 26, 2026, Petitioner filed this petition for writ of habeas corpus against several Respondents. (Doc. 1.) He argues that his continued detention is unlawful. (*Id.*) Respondents filed a response on September 15, 2026. (Doc. 8.) On September 24, 2026, Respondents submitted a notice advising the court that Petitioner was released to the custody of his father on September 23, 2026. (Doc. 9.)

Generally, a petition for habeas corpus becomes moot when the petitioner is released from custody before the petition has been addressed on the merits. *DeFoy v. McCullough*, 393 F.3d 439, 441 (2005) (citing *Lane v. Williams*, 455 U.S. 624,

631 (1982)). This is so because for a case or controversy to exist, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Here, even if Petitioner was successful on the merits of his petition, there is no action to be redressed by this court since Petitioner was released on bond, and he is no longer detained by Respondents. For this reason, Petitioner's petition is moot and will be dismissed.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 24, 2026